## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. 08-03105-01-03-05/13-CR-S-DGK |
| Plaintiff, | ) | |
| | ) | **COUNT ONE**: |
| v. | ) | 21 U.S.C. § 846, 841(a)(1) and (b)(1)(A) |
| | ) | NLT 10 Years/NMT Life Imprisonment |
| | ) | NMT $4,000,000 Fine |
| **JASON D. CLARK** | ) | NLT 5 Years Supervised Release |
| [DOB: 03-20-1970], | ) | Class A Felony |
| | ) | |
| **LINDA M. PENDERGRASS,** | ) | **COUNTS TWO and FOUR through** |
| [DOB: 09-13-1966], | ) | **TWELVE** |
| | ) | 21 U.S.C. § 843(b) and (d) |
| **RONALD E. BRYANT**, | ) | NMT 4 Years Imprisonment |
| [DOB: 05-05-1969], | ) | NMT $250,000 Fine |
| | ) | NMT 1 Years Supervised Release |
| **CARRIE L. COX**, | ) | Class E Felony |
| [DOB: 09-05-1975], | ) | |
| | ) | **COUNT THREE**: |
| **JEREMY D. BATSON**, | ) | 21 U.S.C. § 841(a)(1) and (b)(1)(A) |
| [DOB: 07-02-1976], | ) | NLT 10 Years/NMT Life Imprisonment |
| | ) | NMT $4,000,000 Fine |
| **NIKKI S. MILSAP**, | ) | NLT 5 Years Supervised Release |
| [DOB: 09-14-1979], | ) | Class A Felony |
| | ) | |
| **DAWN M. PARENTEAU**, | ) | **COUNT THIRTEEN** |
| [DOB: 08-25-1976], | ) | 18 U.S.C. § 1956 (h) |
| | ) | NMT 20 Years Imprisonment |
| **JOHN TRAVIS ROGERS**, | ) | NMT $500,000 Fine |
| [DOB: 06-13-1976], | ) | NMT 3 Years Supervised Release |
| | ) | Class C Felony |
| **CORA R. WADE**, | ) | |
| [DOB: 02-14-1968], | ) | **COUNT FOURTEEN** |
| | ) | 18 U.S.C. § 1956 (a)(1)(B) |
| **KAREN A. HARRIS**, | ) | NMT 20 Years Imprisonment |
| [DOB: 01-25-1964], | ) | NMT $500,000 Fine |
| | ) | NMT 3 Years Supervised Release |
| **RENE GOMEZ**, | ) | Class C Felony |
| [DOB: 03-05-1986], | ) | |
| Defendants. | ) | |

| Defendants/Counts | | |
|---|---|---|
| CLARK: 1, 2, 3, 4, 13, 14, 15, 16 & Forfeiture | ) | **COUNT FIFTEEN** |
| PENDERGRASS: 1 | ) | 18 U.S.C. § 1956 (a)(1)(A) |
| BRYANT: 1 and 5 | ) | NMT 20 Years Imprisonment |
| COX: 1 and 6 | ) | NMT $500,000 Fine |
| BATSON: 1 and 7 | ) | NMT 3 Years Supervised Release |
| MILSAP: 1 and 8 | ) | Class C Felony |
| PARENTEAU: 1 and 9 | ) | |
| ROGERS: 1 and 10 | ) | **COUNT SIXTEEN** |
| WADE: 1 and 11 | ) | 18 U.S.C. § 1956 (a)(1)(A) |
| HARRIS: 1 and 12 | ) | NMT 20 Years Imprisonment |
| GOMEZ: 13 and 16 | ) | NMT $500,000 Fine |
| | ) | NMT 3 Years Supervised Release |
| | ) | Class C Felony |
| | ) | |
| | ) | **FORFEITURE ALLEGATION** |
| | ) | |
| | ) | $100 Mandatory Special Assessment (All |
| | ) | Counts) |

# THIRD SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT**:

## COUNT ONE

Beginning on or about May, 2007, and continuing to on or about August 22, 2008 in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JASON D. CLARK, LINDA M. PENDERGRASS, RONALD E. BRYANT, CARRIE L. COX, JEREMY D. BATSON, NIKKI S. MILSAP, DAWN M. PARENTEAU, JOHN TRAVIS ROGERS, CORA R. WADE and KAREN A. HARRIS, defendants, did knowingly and intentionally conspire and agree with each other and with other persons known and unknown to the Grand Jury, to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (a)(1) and (b)(1)(A).

**COUNT TWO**

On or about July 25, 2008, in Christian County, in the Western District of Missouri, and elsewhere, JASON D. CLARK, the defendant, did knowingly and intentionally use a communication facility; to wit: the United Parcel Service, to facilitate the distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

**COUNT THREE**

On or about August 22, 2008, in Christian County, in the Western District of Missouri, JASON D. CLARK, the defendant, did knowingly and intentionally attempt to possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841 (a)(1) and (b)(1)(A).

**COUNT FOUR**

On or about August 22, 2008, in Christian County, in the Western District of Missouri, and elsewhere, JASON D. CLARK, the defendant, did knowingly and intentionally use a communication facility; to wit: the United Parcel Service, to facilitate the distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT FIVE

On or about August 18, 2008, in the Western District of Missouri, and elsewhere, RONALD E. BRYANT, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT SIX

On or about July 15, 2008, in the Western District of Missouri, and elsewhere, CARRIE L. COX, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT SEVEN

On or about June 25, 2008, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JEREMY D. BATSON, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

**COUNT EIGHT**

On or about June 10, 2008, in Christian County, in the Western District of Missouri, and elsewhere, NIKKI S. MILSAP, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

**COUNT NINE**

On or about July 14, 2008, in Christian County, in the Western District of Missouri, and elsewhere, DAWN M. PARENTEAU, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

**COUNT TEN**

On or about August 18, 2008, in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JOHN TRAVIS ROGERS, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT ELEVEN

On or about August 17, 2008, in Christian County, in the Western District of Missouri, and elsewhere, CORA R. WADE, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT TWELVE

On or about June 10, 2008, in Christian County, in the Western District of Missouri, and elsewhere, KAREN A. HARRIS, the defendant, did knowingly and intentionally use a communication facility; to wit: a telephone, to facilitate a conspiracy to distribute of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, 841(a)(1), all in violation of Title 21, United States Code, Section 843(b) and 843(d).

## COUNT THIRTEEN

Beginning on or about May, 2007, and continuing to on or about August 22, 2008 in Greene and Christian Counties, in the Western District of Missouri, and elsewhere, JASON D. CLARK and RENE GOMEZ, defendants, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury, to commit certain offenses against the United States as follows:

(1) Knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the deposit, withdrawal, transfer of funds, and exchange of currency which involved the proceeds of a specified unlawful activity, that is, the unlawful

distribution of methamphetamine, with the intent to promote the carrying on of specified unlawful activity, to wit: the unlawful distribution of methamphetamine, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is funds represented the proceeds of some form of unlawful activity;

(2) Knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the deposit, withdrawal, transfer of funds, and exchange of currency which involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of methamphetamine, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is, funds, represented proceeds of some form of unlawful activity; and,

## **MANNER AND MEANS**

In furtherance of the conspiracy to commit money laundering, the defendant committed the following overt acts which affected the object of the conspiracy:

1. During the time frame of the conspiracy, JASON D. CLARK, defendant, obtained methamphetamine for the purpose of redistributing that methamphetamine to MONICA L. McBRIDE and LINDA M. PENDERGRASS, codefendants, and others in Greene and Christian Counties and elsewhere.

2. When defendant JASON D. CLARK sold methamphetamine he received United States currency which he reinvested in the conspiracy to distribute methamphetamine by providing it to his sources of supply, in order to pay for the methamphetamine previously

7

supplied and to obtain more methamphetamine to distribute.

3. On or about November 6, 2007, in Lawrence County, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of at least $205,000 in United States Currency, which included the proceeds of a specified unlawful activity, that is, knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, and that, JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine.

4. On or about July 25, 2008, in Christian County, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer by UPS of approximately $84,000 in United States currency, to his source of supply in California, which included the proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, and that JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine, or knowing the transaction was designed, in whole or in part, to conceal the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity, to wit: the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance.

5. On or about March 23, 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK and RENE GOMEZ, defendants, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $152,110 in

United States currency from JASON D. CLARK to RENE GOMEZ, which included the proceeds of a specified unlawful activity, that is, knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, and that JASON D. CLARK and RENE GOMEZ, defendants conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine, a Schedule II controlled substance.

The defendant committed the above acts with the intent to promote the carrying on of the conspiracy to distribute methamphetamine and to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the distribution of methamphetamine, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOURTEEN

On or about July of 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $13,000 in United States currency to Lonnie Littles for the purchase of a dirt sifter, which he knew involved the proceeds of a specified unlawful activity, that is, knowing and intentionally, conspiring and agreeing with other persons, to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in Count One, and that, JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction knowing

that the transaction was designed in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, to wit: the distribution of methamphetamine, all in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(i).

## COUNT FIFTEEN

On or about June 16, 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK, defendant, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $10,500 in United States currency to Joseph Johnson for the purchase of a 1999 Ford pickup truck, which he knew involved the proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and that JASON D. CLARK, defendant, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the 1999 Ford pickup truck to distribute methamphetamine and/or to collect drug debts on June 25, 2008, all in violation of Title 18, United States Code, Section 1956 (a)(1)(A)(i).

## COUNT SIXTEEN

On or about March 23, 2008, in Greene and Christian Counties, in the Western District of Missouri, JASON D. CLARK and RENE GOMEZ, defendants, did knowingly conduct a financial transaction affecting interstate commerce, to wit: the transfer of $152,110 in United States currency from JASON D. CLARK to RENE GOMEZ, which they knew involved the proceeds of a specified unlawful activity, that is, the knowing distribution of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and

841(a)(1), and that JASON D. CLARK and RENE GOMEZ, defendants, conducted and caused to be conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, to wit: using the transferred funds to pay for methamphetamine, all in violation of Title 18, United States Code, Section 1956 (a)(1)(A)(i).

## FORFEITURE ALLEGATION

(Jason Clark)

The allegations contained in Counts One and Four are hereby incorporated as though fully set forth herein for the purpose of charging criminal forfeiture to the United States of America pursuant to Title 21, United States Code, Section 853.

As a result of being convicted of an offense in violation of Title 21, United States Code, Section 846 and 841(a)(1), as charged in Count One, and being convicted of an offense in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four, the defendant Jason Clark, shall forfeit to the United States all property, real and personal, involved in the aforesaid offense and all property representing proceeds of that offense, that is,

1. $152,110.00 in United States currency seized on March 25, 2008;

2. $85,100.00 in United States currency seized from the UPS Package on August 23, 2008;

3. One Blue Chevrolet Corvette, VIN #1G1YY12S035120199, license plate unknown;

4. One 1992 Cat 953 Crawler Loader (Bulldozer), Serial #20Z4453;

5. One 1987 Kenworth T 600 (Dump Truck), VIN #1XKAD29X2HJ348378;

6. One 2002 TK 40 Trailer LP 3200, VIN #1TKC032262MO61323; and

7. One Dirt Sifter purchased from Lonnie Littles in July of 2008.

If any of the above-described forfeited property, as a result of any act or omission of the

11

defendant:

1. cannot be located upon the exercise of due diligence;

2. has been transferred, sold to, or deposited with, a third person;

3. has been substantially diminished in value; or

4. has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property; all in violation of Title 21, United States Code, Section 853.

**A TRUE BILL**

/s/
FOREPERSON OF THE GRAND JURY

*/s/ Gary K. Milligan*
Gary K. Milligan
Assistant United States Attorney

DATED: June 24, 2009